IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | No. 3:25-cr-358-B |
| BRANDON DEVON COLLIER, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER REVOKING PRETRIAL
RELEASE AND ORDERING DETENTION PENDING TRIAL**

Defendant Brandon Devon Collier is charged by an indictment with Stealing a Firearm from a Federal Firearm Licensee, in violation of 18 U.S.C. §§ 922(u) and 924(i)(1). His case is set for trial on February 23, 2026 before Senior District Judge Jane J. Boyle.

On September 24, 2025, the undersigned United States magistrate judge released Defendant under 18 U.S.C. § 3142(c) pending trial subject to an Order Setting Conditions of Release. *See* Dkt. No. 10.

Having been released on such conditions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was

-1-

ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148; *see also* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release.").

-2-

On December 29, 2025, Defendant's supervising pretrial services officer filed a Report of Violation of Conditions of Pretrial Release, in which she reported:

> COMES NOW Frank Chavez, U.S. Probation Officer, presenting a report to the Court upon the conduct of defendant, Brandon Devon Collier, who was placed on pretrial release supervision by the Honorable U.S. Magistrate Judge David L. Horan sitting in the Court at Dallas, Texas, on September 24, 2025, under the following conditions:
> (7b) The defendant must continue or actively seek employment.
> (7h) The defendant must get medical or psychiatric treatment: mental health evaluation and treatment.
> (7m) The defendant must not use or unlawfully possess a narcotic drug, or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
> (7o) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
> The undersigned has information that the defendant has violated such conditions in each of the following respects:
> On September 30, 2025, the defendant reported to the U.S. Probation Office for an orientation to supervision. During the orientation, the defendant demonstrated reluctancy to partake in treatment imposed by the Court. The defendant became defensive and began raising his voice as U.S. Probation Officer Frank Chavez (USPO) Chavez explained his conditions of his release. The defendant requested to speak to a supervisor. Supervising U.S. Probation Officer Bruno Perez (SUSPO) Perez intervened. The defendant agreed to participate in the treatment services as required.
> On the same date, the defendant submitted a urinalysis which yielded a presumptive positive result for marijuana. The defendant reported smoking marijuana daily. The defendant was told this first exam would be used as a baseline and he would be allowed time to detoxify. On October 30, 2025, he tested negative for all illicit substances.
> On October 6, 2025, the defendant called to report he did not want to attend mental health counseling. He cited transportation and financial issues as being the reasons he could not be present. The defendant asked USPO Chavez for money and to take him to his appointments since he was being forced to go. The defendant was admonished for making such comments and his treatment plan was later modified to allow him to attend virtually.

On the same date, USPO Chavez discussed the defendant's noncompliance and negative attitude toward supervision with defense counsel. USPO Chavez explained the efforts taken to get the defendant enrolled in treatment services and his hesitation to follow the Court's order. Defense counsel agreed to speak to the defendant regarding his involvement in pretrial supervision.

On October 27, 2025, the defendant failed to report for his virtual mental health counseling session with Phoenix Associates Counseling Services (PACS). PACS contacted the defendant to reschedule, and he told them he no longer needed to attend treatment. PACS reached out to USPO Chavez to confirm the defendant's comments and they were told that information was false.

On October 30, 2025, the defendant reported to the U.S. Probation Office for the purpose of addressing his noncompliance. USPO Chavez and Supervising U.S. Probation Officer DeAundra King (SUSPO King) conducted an administrative hearing with the defendant who was accompanied by his father. USPO Chavez discussed the defendant's behavior and his inquiry regarding substance abuse treatment. USPO Chavez explained to the defendant that he was already enrolled in substance abuse treatment, but he could participate in a 30-day residential treatment if necessary. The defendant declined and denied any substance abuse. SUSPO King addressed the defendant's attitude toward supervision. He was instructed not to miss any additional mental health appointments and to not mislead the counselors. The defendant and his father agreed to work together to assist the defendant in complying with his conditions of supervision.

On November 18, 2025, the defendant failed to report for random drug testing as instructed at Homeward Bound Incorporated (HBI) in Dallas, Texas. The defendant was contacted regarding his missed drug test, and he subsequently submitted a urinalysis on November 19, 2025.

On November 20, 2025, the defendant failed to report for his virtual mental health counseling session with PACS for a second time. The defendant became upset and began shouting over the phone when he was confronted about missing his appointment. He stated he did not need additional mental health treatment as he already had his own. He requested to speak to a supervisor, and SUSPO Perez intervened and agreed to remove the defendant from mental health treatment. The defendant was instructed to provide verification regarding his own provider to USPO Chavez.

The defendant reported he is receiving mental health treatment from Lean On Me Psychiatry in Cedar Hill, Texas. On December 10, 2025, USPO Chavez spoke to the facility and verified the defendant's

counseling and mental health medications from this facility. The facility provided a list of mental health medications the defendant is prescribed by their psychiatrist.

On December 2, 2025, the results from the urinalysis the defendant submitted on November 19, 2025, indicated a presumptive positive result for marijuana, amphetamines, and opiates. The urine specimen was subsequently confirmed positive for marijuana, codeine, methamphetamine, and morphine by Alere Toxicology Services. Alere was provided the list of medications the defendant is currently prescribed, and they verified that none of the prescribed medications would account for the positive drug results.

On December 10, 2025, the results from a urinalysis the defendant submitted on December 1, 2025, indicated a presumptive positive result for methamphetamine. The urine specimen was subsequently confirmed positive by Alere Toxicology Services.

On December 18, 2025, the defendant was instructed to report to the office on December 22, 2025, to address his positive urinalysis. On December 22, 2025, the defendant failed to report to the office as he had previously agreed. The defendant was rescheduled for December 24, 2025.

On December 24, 2025, the defendant reported to the office to address his positive urinalysis reports. The defendant was accompanied by his parent and denied using any drugs since being on pretrial release. He stated it was likely due to his mental health medication. The defendant was notified the results of his test were confirmed by a lab, and the list of medications that was provided by his psychiatrist would not have caused any positive results. The defendant maintained he has not used drugs. On the same day, the defendant notified USPO Chavez that MDMA would also cause him to test positive for methamphetamine. When asked whether he had used MDMA, the defendant denied using that substance as well. USPO Chavez instructed the defendant to notify his attorney.

The defendant has demonstrated he is not inclined to follow any instruction by the Court or the U.S. Probation Office. He refuses to take accountability and displays poor adjustment on supervision. Additionally, the defendant has failed to obtain employment since the onset of his supervision. He has established he is unwilling to make himself available for supervision despite numerous interventions with supervisors, his parents, and his defense attorney. The undersigned suggests to the court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

Dkt. No. 17 at 1-3.

The Court ordered that a summons be issued and the defendant appear before this Court to determine whether his conditions of prehearing release should be revoked. *See id.* at 4.

The government filed a Motion to Revoke Pretrial Release, in which it asserted:

> The United States of America respectfully asks the Court to revoke pretrial release pending resolution of the above referenced defendant pursuant to 18 U.S.C. § 3148 and in support of such motion would show the Court as follows:
> 
> ....
> 
> On August 5, 2025, a federal grand jury returned an indictment charging the defendant with one count of stealing a firearm from a federal firearm licensee, in violation of 18 U.S.C. 922(u). (Dkt. 1.) On September 24, 2025, the defendant made his initial appearance and was placed on pretrial release supervision by United States Magistrate Judge David L. Horan. (Dkt. 10.) Release conditions included:
>> (7b) The defendant must continue or actively seek employment.
>> (7h) The defendant must get medical or psychiatric treatment: mental health evaluation and treatment.
>> (7m) The defendant must not use or unlawfully possess a narcotic drug, or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
>> (7o) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
> 
> (Id.) The defendant advised the Court that he understood the conditions of pretrial release and agreed to abide by them. (Id.)
> 
> On January 2, 2026, U.S. Probation filed a Report of Violation of Conditions of Pretrial Release alleging that the defendant violated the pretrial conditions. (Dkt. 17.) In that same document the Court ordered the government to file a motion to revoke consistent with the information contained in Probation's report. (Id.)
> 
> ....
> 
> In the report of violation, USPO Chavez alleged that the defendant violated his conditions of release by: (1) failing to continue or actively seek employment; (2) failing to get a mental health evaluation

and treatment; (3) using and/or possessing a controlled substance; and (4) failing to participate in a program of inpatient or outpatient substance abuse therapy and counseling.

On September 30, 2025, the defendant submitted a urine specimen to the U.S. Probation Office, which tested positive for marijuana, and he admitted to smoking marijuana daily.

On October 6, 2025, the defendant called USPO Chavez and indicated he did not want to attend mental health counseling as ordered, citing financial issues as the reason. USPO Chavez ultimately modified the defendant's plan to allow him to attend counseling virtually. On October 27, 2025, and November 20, 2025, the defendant failed to report for his virtual mental health counseling as required without a valid excuse.

On November 18, 2025, the defendant failed to report for random drug testing as instructed. And on November 19, 2025, the defendant submitted a urine specimen to the U.S. Probation Office, which tested positive for marijuana, codeine, methamphetamine, and morphine.

On December 1, 2025, the defendant submitted a urine specimen to the U.S. Probation Office, which tested positive for methamphetamine.

On December 22, 2025, the defendant failed to report to probation as previously agreed to discuss his positive urinalysis. When he ultimately reported on December 24, 2025, he denied any drug use.

Finally, the defendant has failed to obtain employment since the onset of his supervision.

....

Based upon the foregoing, Collier's pretrial release should be revoked. The defendant has clearly demonstrated an inability to abide by the terms of release set by United States Magistrate Horan. Based upon the conduct detailed above, it is reasonable to conclude that there is no condition or combination of conditions of release that will assure that Collier will not flee or pose a danger to the safety of any other person or the community.

....

Pursuant to 18 U.S.C. § 3148(b), the government requests that the defendant's pretrial release be revoked and that he be detained pending the conclusion of his case.United States of America requests that this Court revoke the supervised release of Billy Wayne Farris.

Dkt. No. 19 at 1-4.

On January 16, 2026, the Court held a hearing on the matter of possible

revocation, at which Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

The Court heard testimony from Probation Officer Chavez and a proffer through counsel for Defendant and admitted Defense Exhibit 1 and then heard argument from counsel.

The evidence shows clearly and convincingly that Defendant violated the conditions that he not use prohibited controlled substances and that he participate in and attend substance abuse treatment as directed by pretrial services. Defendant has tested positive for the use of prohibited substances that his prescription medications cannot explain away, and he has repeatedly missed substance abuse treatment sessions.

The Court determines that the existing combination of conditions is that least restrictive combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person and the community while Defendant is on release, and the Court determines that there are no other available conditions that the Court can impose and that Defendant is likely to comply with.

And the Court finds that, based on Defendant's conduct over the last month-and-a-half, Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward.

Based on the facts explained above, and the Court's findings based on those

facts, the Court grants the government's motion to revoke prehearing release in each case and ORDERS that, under 18 U.S.C. § 3148(b), the Court's Order Setting Conditions of Release in each case is VACATED and Defendant's prehearing release under 18 U.S.C. § 3142 is revoked.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that, while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: January 16, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE