IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA            §
                                    §
V.                                  §
                                    §    No. 3:25-cr-358-B
BRANDON DEVON COLLIER,              §
                                    §
            Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

**Background**

Defendant Brandon Devon Collier is charged by an indictment with Stealing a

Firearm from a Federal Firearm Licensee, in violation of 18 U.S.C. §§ 922(u) and

924(i)(1). His case is set for trial on June 29, 2026 before Senior District Judge Jane

J. Boyle. *See* Dkt. No. 29.

On September 24, 2025, the undersigned United States magistrate judge

released Defendant under 18 U.S.C. § 3142(c) pending trial subject to an Order

Setting Conditions of Release. *See* Dkt. No. 10.

Having been released on such conditions, "[a] person who has been released

under section 3142 of this title, and who has violated a condition of his release, is

subject to a revocation of release, an order of detention, and a prosecution for

contempt of court." 18 U.S.C. § 3148(a).

On December 29, 2025, Defendant's supervising pretrial services officer filed a

Report of Violation of Conditions of Pretrial Release. *See* Dkt. No. 17. The Court

-1-

ordered that a summons be issued and the defendant appear before this Court to determine whether his conditions of prehearing release should be revoked. *See id.* at 4.

The government filed a Motion to Revoke Pretrial Release. *See* Dkt. No. 19. And, on January 16, 2026, the Court held a hearing on the matter of possible revocation, at which the Court heard testimony from United States Probation Officer Frank Chavez and a proffer through counsel for Defendant and admitted Defense Exhibit 1 and then heard argument from counsel.

On the basis of that record, the Court found, under 18 U.S.C. § 3148(b), that the evidence shows clearly and convincingly that Defendant violated the conditions that he not use prohibited controlled substances and that he participate in and attend substance abuse treatment as directed by pretrial services, where Defendant has tested positive for the use of prohibited substances that his prescription medications cannot explain away, and he has repeatedly missed substance abuse treatment sessions. And the Court determined that the existing combination of conditions is that least restrictive combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person and the community while Defendant is on release and that there are no other available conditions that the Court can impose and that Defendant is likely to comply with. And the Court found that, based on Defendant's conduct over the last month-and-a-half, Defendant is unlikely to abide by any condition or combination of conditions of

release that the Court could set going forward. *See* Dkt. No. 21.

And, so, the Court granted the government's motion to revoke prehearing release in each case and ordered that, under 18 U.S.C. § 3148(b), the Court's Order Setting Conditions of Release is vacated and Defendant's prehearing release under 18 U.S.C. § 3142 is revoked. *See id.*

Defendant then filed a Motion for Reconsideration of Order of Detention. *See* Dkt. No. 26. Through his motion, Defendant "is requesting an Order of Release from custody and that his previous pretrial release conditions be modified to include placement in an inpatient drug rehabilitation facility" and that, "[a]fter completing drug rehabilitation, … he remain on conditions of pre-trial release pending the conclusion of his case." *Id.* at 1.

And, as directed, the government filed a response. *See* Dkt. No. 28.

As the undersigned already noted, "Defendant's motion does not specify the basis for his requested relief, but he appears to seek an order under 18 U.S.C. § 3145(b) to revoke the undersigned's order revoking Defendant's pretrial release under 18 U.S.C. § 3148(b) and ordering him detained pending trial. *See generally United States v. Chen*, No. 3:25-cr-457-N, 2026 WL 719511 (N.D. Tex. Feb. 9, 2026), *rec. adopted*, 2026 WL 716927 (N.D. Tex. Mar. 13, 2026); *United States v. Stuart*, 784 F. App'x 186 (5th Cir. 2019); *United States v. Okechuku*, 615 F. App'x 190 (5th Cir. 2015)." Dkt. No. 26.

The undersigned determines that a hearing is not necessary or appropriate

here, and, because the motion seeks relief under 18 U.S.C. § 3145(b), the undersigned now enters findings, conclusions, and recommendation to Judge Boyle under 28 U.S.C. § 636(b)(1)(B). *See Chen*, 2026 WL 719511; *United States v. Cooper*, No. 3:16-cr-60-M, 2018 WL 1916983, at *17-*19 (N.D. Tex. Apr. 2, 2018).

For the reasons explained below, the Court should deny Defendant's Motion for Reconsideration of Order of Detention [Dkt. No. 26].

## Legal Standards and Analysis

Defendant's motion explains that

- his "offense does not qualify as especially dangerous in any of these respects and there is no presumption of detention for his charged offense";

- he "is eighteen years old, and this offense occurred one month and three days after his eighteenth birthday," and "his frontal cortex – the part of his brain responsible for judgment and impulse control – is still underdeveloped, leaving him prone to impulsive, emotion-driven action and leaving him particularly susceptible to peer influence";

- he "also has a history of mental illness that includes schizophrenia, bipolarism, anxiety, ADHD and depression";

- "[s]ince incarceration, [Defendant] has not received all of his prescribed medications, and due to his small frame, he has endured sexual harassment in the jail";

-4-

- "[p]rior to detention, [he] was enrolled in and participated in bi-weekly mental health treatment at Lean on Me Psychiatry," and, "[i]t is imperative that [he] is placed on a consistent mental health treatment plan that includes counseling and the administering of mental health medication," but "[c]onsistent mental health treatment is unavailable for inmates held in jail waiting for trial and/or sentencing"; and

- he now "has been accepted into the Dallas Detox Center, a thirty-to-forty-five-day inpatient treatment program, where a bed is being held in anticipation of his arrival," and, if he "is adjudicated guilty, pre-sentence, post-conviction rehabilitation is clearly a factor that could be considered by the court in determining a sentence."

Dkt. No. 24 at 1-6.

Defendant was not originally detained pending trial – he was released on conditions under 18 U.S.C. § 3142(c) subject to an Order Setting Conditions of Release. *See* Dkt. No. 10.

Having been released on such conditions, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a).

Under 18 U.S.C. § 3148(b),

> [t]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court.

> A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated.

18 U.S.C. § 3148(b).

Section 3148(b) further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and (2) finds that – (A) based on the factors set forth in [18 U.S.C. § 3142(g)], there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(2).

But Section 3148(b) further provides that, "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." 18 U.S.C. § 3148; *see also* 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of

release.").

And, "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). That includes detention imposed upon revoking pretrial release under Section 3148(b) – as here. *Accord Stuart*, 784 F. App'x 186.

As a general matter, the Court may also reopen a detention hearing, "before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). But there was no detention hearing in this case in the first instance, and it's not clear how Section 3142(f) would apply here.

In any event, the undersigned will address each provision's application in turn.

I.      18 U.S.C. § 3145(b)

The undersigned revoked Defendant's pretrial release and ordered him detained on January 16, 2026. *See* Dkt. No. 21.

Defendant did not file his Motion for Reconsideration of Order of Detention under March 22, 2026 – more than 2 months later. *See* Dkt. No. 26.

As a judge in this district has explained, under Section 3145(b),

> "[w]hen the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). However, a defendant must seek review of a magistrate judge's detention order within fourteen days as prescribed by Fed. R. Crim. P. 59(a), or the "right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right." *United States v. Watts*, Crim. No. 3:09-CR-249-D (09), 2010 WL 11452009, at *1 (N.D. Tex. June 25, 2010) (citation omitted).

*United States v. Green*, No. 3:18-cr-356-S, 2019 WL 6529446, at *2 (N.D. Tex. Dec. 4, 2019); *accord Chen,* 2026 WL 719511, at *3 (applying same standards); *Cooper*, 2018 WL 1916983, at *2 (same).

The Court could determine that Defendant's motion is untimely under Section 3145(b) and decline to exercise its discretion to review the January 16, 2026 order under that provision.

But the Court should deny the motion on its substance in any event.

Defendant's motion is framed – at least in part – in terms of a decision under Section 3142(e)(1) as to whether any condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any other person and the community if he is released.

But that was not the basis for the undersigned's revoking Defendant's Section 3142(c) pretrial release under Section 3148(b) and ordering him detained. The undersigned did determine "that the existing combination of conditions is that least

restrictive combination of conditions that will reasonably assure Defendant's appearance as required and the safety of any other person and the community while Defendant is on release." Dkt. No. 21 at 8. But that was to address the suggestion at times during the January 16, 2026 hearing that perhaps Defendant should be subject to a less restrictive set of conditions and that he might then be able to comply with that.

The basis for revoking release and detaining Defendant was the Court's findings, under 18 U.S.C. § 3148(b)(2)(B), "that there are no other available conditions that the Court can impose and that Defendant is likely to comply with" and "that, based on Defendant's conduct over the last month-and-a-half, Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward." *Id.*

And the finding that Defendant is "unlikely to abide by any condition or combination of conditions for release" makes it unnecessary for the Court "to reevaluate the [18 U.S.C.] § 3142(g) factors for release." *Okechuku*, 615 F. App'x at 191. And, so, Defendant's contentions about the nature of his charged offense and possible sentencing exposure or his desire to enroll in the STEPS program do not bear on the basis of the Court's revocation order.

Still, Defendant now primarily suggests that he should be subject to all the same conditions with which he failed to comply to date along with the additional condition of placement in an inpatient drug rehabilitation facility.

-9-

But, other than pointing to his age, immature development, and mental health conditions and needs, Defendant does not address his failure to comply with his existing combination of conditions for release or explain or show a basis for now making a factual finding that he is not unlikely to comply with additional conditions.

Defendant's failure to "participate in and attend substance abuse treatment as directed by pretrial services" and his "repeatedly miss[ing] substance abuse treatment sessions" undermine any arguments for reversing the finding that "Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward." As the government notes, "the proposed in-patient treatment remains voluntary, meaning [Defendant] would remain free to leave at any time, undermining any reasonable assurance of compliance with release conditions – particularly in light of his repeated failure to comply with less restrictive counseling and treatment requirements." Dkt. No. 28 at 5.

And the Court should reject any arguments that Defendant's age, underdeveloped frontal cortex, need for medications, treatment by other prisoners while incarcerated, mental illness, and need for mental health treatment (and the corresponding benefits mental health and substance abuse treatments could have for Defendant at any sentencing) support overturning the findings under Section 3148(b) that – having had his opportunity to comply with conditions of pretrial release under Section 3142(c) – Defendant's release should be revoked where (1) there is clear and

convincing evidence that he has violated his conditions of release (a finding that Defendant does not challenge) and (2) Defendant is unlikely to abide by any combination of conditions of release.

At least some of those facts or factors may explain why Defendant violated his conditions of release. But they do not excuse those violations or, most importantly, offer any factual basis for reversing the finding that, "based on Defendant's conduct over the last month-and-a-half, Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward."

II     <u>18 U.S.C. § 3145(f)</u>

18 U.S.C. § 3142(f)(2)

> provides that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."
>
> Under Section 3142(f)(2), the United States Court of Appeals for the Fifth Circuit has "interpreted th[e] standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("It cannot therefore be said that [the witnesses'] testimony was newly discovered or previously unavailable.")).
>
> The Court may reject a motion to reopen because the evidence to be presented is not new or because it would not be material. *See Hare*, 873 F.2d at 799 ("Hare seeks a second hearing on various statutory grounds. First, he seeks to have his sister, mother, and a friend testify that he appeared whenever required to do so during prior prosecutions. He would also offer evidence of his exemplary conduct as an electrician while detained and of the fact that his pretrial incarceration will last considerably longer than usual. Under the Bail Reform Act a hearing

-11-

may be reopened at any time before trial 'if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of risk of flight or dangerousness].' We agree with the district court that the testimony of Hare's family and friends is not new evidence. Nor can the length of his current or potential future detention be considered under this section since it is not material to the issue of risk of flight or dangerousness. Given Hare's past record of narcotics convictions and the seriousness of the present charges, the district court did not abuse its discretion in finding that Hare's work as an electrician and selection as a trustee while in detention is not sufficiently material to the issue of dangerousness to justify a second hearing." (footnote omitted)); *accord Stanford*, 367 F. App'x at 510-11.

*Cooper*, 2018 WL 1916983, at *15 (citation modified).

Defendant's motion does not invoke this provision of Section 3142(f) and instead cites to Section 3145(c).

But, even if Defendant were relying on Section 3142(f) and it applied to a Section 3148 revocation hearing, the Court should deny the motion on this ground as well.

As the government's response persuasively argues, the information to which Defendant now points is not newly discovered since January 16, 2026 or information that was previously unavailable at that time. As the government notes, Defendant "does not explain how his acceptance into a treatment facility constitutes a true change in circumstances or why this option was previously unavailable – particularly given that the facility accepts patients on a same-day basis" – and, so, "even if considered under Section 3142(f)(2), his request provides no basis for relief." Dkt. No. 28 at 5 n.2.

-12-

As for the "material" requirement, as explained above, the core question under 18 U.S.C. § 3148 for the Court at the January 16, 2026 hearing and in its resulting order was not where there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community – which is what the Section 3142(f) provision is directed to.

And, for the reasons explained above, just as under the Section 3145(b) analysis, none of Defendant's factual assertions in his motion have a material bearing on the Court's findings, under 18 U.S.C. § 3148(b)(2)(B), "that there are no other available conditions that the Court can impose and that Defendant is likely to comply with" and "that, based on Defendant's conduct over the last month-and-a-half, Defendant is unlikely to abide by any condition or combination of conditions of release that the Court could set going forward."

## Recommendation

The Court should deny Defendant's Motion for Reconsideration of Order of Detention [Dkt. No. 26].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

-13-

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE